11/4/2019 11:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38192493
By: Nelson Cuero
Filed: 11/1/2019 4:51 PM

# 2019-80135 / Court: 129

NO. _____

| | | |
|---|---|---|
| **SAGA DEVELOPMENT, LLC** | § | **IN THE DISTRICT COURT OF** |
| **d/b/a BEECHNUT SHOPPING CENTER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **CERTAIN UNDERWRITERS AT** | § | |
| **LLOYD'S, LONDON, INDIAN HARBOR** | § | |
| **INSURANCE COMPANY,** | § | |
| **QBE SPECIALTY INSURANCE** | § | |
| **COMPANY, STEADFAST INSURANCE** | § | |
| **COMPANY, GENERAL SECURITY** | § | |
| **INDEMNITY COMPANY OF ARIZONA,** | § | |
| **UNITED SPECIALTY INSURANCE** | § | |
| **COMPANY, LEXINGTON INSURANCE** | § | |
| **COMPANY, PRINCETON EXCESS AND** | § | |
| **SURPLUS LINES INSURANCE** | § | |
| **COMPANY, AND INTERNATIONAL** | § | |
| **INSURANCE COMPANY OF** | § | |
| **HANNOVER SE,** | § | |
| **Defendants.** | § | **__ th JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.      COMES NOW, the Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center, ("Beechnut"), and files this its Original Petition complaining of and against Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, and International Insurance Company of Hannover, SE (collectively referred to hereinbelow as the "Defendants"), and in support hereof would respectfully show unto the Court the following:

1

## A. DISCOVERY CONTROL PLAN

2.      Discovery in this action should proceed under Level 3, Tex. R. Civ. P. 190.3. This case involves complex issues and will require extensive discovery. Accordingly, Beechnut requests the Court enter a custom docket control order tailored to the particular needs of this lawsuit.

## B. RELIEF

3.      Beechnut seeks monetary relief of over $1,000,000.00. Rule 47(c)(5) Tex. R. Civ. P.

## C. PARTIES

4.      Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center, ("Beechnut"), is a Texas limited liability company organized and doing business in Houston, Harris County, Texas. Service of process is not requested or necessary at this time.

5.      Defendant, Certain Underwriters at Lloyd's, London ("Lloyds"), is a foreign surplus lines insurance association of underwriters and maintains its principle place of business in London, England. Certain Underwriters at Lloyd's, London conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Certain Underwriters at Lloyd's, London may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, Mendes & Mounts, LLP, at its registered office, 750 Seventh Avenue, New York, NY 10019-6829.

6.      Defendant, Indian Harbor Insurance Company ("Indian Harbor"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Exton, Pennsylvania. Indian Harbor Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Indian

Harbor Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Indian Harbor Insurance Company in care of its designated agent, Ms. Sarah Mims, at its registered office, 505 Eagleview Boulevard, Suite 100, Exton, Pennsylvania 19341-0636.

7.      Defendant, QBE Specialty Insurance Company ("QBE"), is a foreign surplus lines insurance company organized as a North Dakota corporation and maintaining its principle place of business in New York, NY. QBE Specialty Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas Accordingly, QBE Specialty Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, CT Corporation System, its designated agent for service of process at its registered address, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3136.

8.      Defendant, Steadfast Insurance Company ("Steadfast"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Schaumburg, Illinois. Steadfast Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Steadfast Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Steadfast Insurance Company in care of its designated agent, General Counsel, Law Department, 1400 American Lane, Tower 1, 19th Floor, Schaumburg, Illinois 60196-1056.

3

9.      Defendant, General Security Indemnity Company of Arizona ("General Security"), is a foreign surplus lines insurance company organized as an Arizona corporation and maintaining its principle place of business in New York, NY. General Security Indemnity Company of Arizona conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas.. Accordingly, General Security Indemnity Company of Arizona may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to General Security Indemnity Company of Arizona in care of its designated agent, Mr. Henry Klecan, One Seaport Plaza, 199 Water Street, New York, NY 10038-3526.

10.     Defendant, United Specialty Insurance Company ("United Specialty"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Dover, Delaware. United Specialty Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, United Specialty Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to United Specialty Insurance Company in care of its designated agent, Mr. Terry Ledbetter, 1900 L. Don Dodson Drive, Bedford, Texas 76021.

11.     Defendant, Lexington Insurance Company ("Lexington"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Boston, Massachusetts. Lexington Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly,

4

Lexington Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Lexington Insurance Company in care of its designated agent, Division Executive, Commercial Policy, 100 Summer Street, Boston, Massachusetts 02110.

12.     Defendant, Princeton Excess and Surplus Lines Insurance Company ("PESLIC"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Princeton, New Jersey. Princeton Excess and Surplus Lines Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Princeton Excess and Surplus Lines Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Princeton Excess and Surplus Lines Insurance Company in care of its designated agent, General Counsel of PESLIC, 555 College Road East, Princeton, NJ 08540-6616.

13.     Defendant, International Insurance Company of Hannover, SE ("Hannover"), is a foreign surplus lines insurance company and maintains its principle place of business in London, England. International Insurance Company of Hannover, SE conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, International Insurance Company of Hannover, SE may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to International Insurance Company of Hannover, SE in care of its designated agent, Ms.

Andrea Best, Drinker, Biddle & Reath, LLP, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036-2714.

## D. JURISDICTION AND VENUE

14.     Beechnut seeks damages under the common and statutory laws of the state of Texas. The amount in controversy exceeds the jurisdictional minimum for the District Courts of the state of Texas.

15.     Venue is proper in the District Court of Harris County, Texas under §15.002(a)(1) of and §15.032 of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas and because Harris County, Texas is the county in which the insured properties are located.

## E. FACTUAL BACKGROUND

16.     In this Petition whenever it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied, or apparent authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of the Defendants' officers, agents, servants, employees, attorneys, or representatives.

17.     By this action, Beechnut seeks to recover for losses sustained as a result of a windstorm its shopping center located at 8145 S. Highway 6, Houston, Harris County, Texas 77083 (the "Property").

18.     On or before April 1, 2016, Defendants marketed and sold a commercial property insurance policy to Beechnut whereby Defendants agreed to provide insurance for the Property in exchange for the payment of premiums (the "Policy").

19.    Although somewhat unclear, the Policy purports to spread liability for coverage, severally, among multiple insurers, as follows: Certain Underwriters at Lloyd's, London, (Certificate AMR-55630); Indian Harbor Insurance Company, (Policy No. AMP7530487-00); QBE Specialty Insurance Company, (Policy No. MSP-22585); Steadfast Insurance Company; General Security Indemnity Company of Arizona, (Policy No. 1OTO29659-06466-16-00); United Specialty Insurance Company, (Policy No. USI-19120-00); Lexington Insurance Company, (Policy No. LEX-014709124-00); Princeton Excess and Surplus Lines Insurance Company, (Policy No. 7DA3CM0006097-00); and International Insurance Company of Hannover, PLC, (Policy No. HAN-16202-00).

20.    The Policy term extended from April 1, 2016 through April 1, 2017. The Policy purports to provide coverage for direct, physical loss to the Property due to windstorm occurring during the Policy term.

21.    On January 22, 2017, Beechnut sustained a loss to its shopping center as a result of the windstorm. The windstorm and subsequent loss occurred within the Policy term and is covered under the Policy.

22.    On or about August 28, 2017, and after experiencing an increase in both the number and extent of water leaks to its roof over the prior eight months, Beechnut filed an insurance claim and asked Defendants to adjust the claim and pay it for the cost of repairs to the building and its roof.

23.    Due to the reporting the loss at or near the time of Hurricane Harvey, Defendants, initially and inaccurately, considered the loss to have arisen from Hurricane Harvey.

24.    In response, Beechnut hired Stephen Harned, a practicing meteorologist with over 45 years of experience, to perform a forensic meteorological investigation and determine the true date of loss. The conclusion reached was the likely date of loss was January 22, 2017.

7

25.     Defendants hired their own engineer, Wiryaputra Pramono, to inspect the Property and make a report. After their inspection, Defendants notified Beechnut of their decision on March 1, 2019. Defendants did not accept the true loss date of January 22, 2017. Further, Defendants determined that the loss was a result of insufficient wind speed arising from the reporting date (Hurricane Harvey) and not the date of loss (January 22, 2017) as well as age-related wear and tear.

26.     On August 23, 2019, Beechnut responded to Defendants' engineering report with another expert analysis and demanded appraisal of the loss. Defendants failed to respond to Beechnut's expert's rebuttal or the demand for appraisal.

27.     Defendants final evaluation is unreasonable and used only as a pretext to deny the damages to the structure. Defendants unreasonably relied upon its representatives for its building damage assessment. Despite clear evidence of covered damage, Defendants have engaged in and ratified the improper claims conduct of its agents and ultimately declined to make payment for the loss because its agents omitted important facts, physical evidence, and meteorological data supporting Beechnut's building damage claim.

28.     Defendants unreasonably denied the loss based on weather conditions present on an incorrect reporting date and not the true date of loss in an effort to avoid contractual responsibilities and to save it from paying significant sums of money for the damage to the shopping center. As a direct result of the conduct of Lloyds as alleged above, Beechnut has suffered actual, incidental, special, and consequential damages and has been forced to file suit to recover policy benefits owed to it.

### F. CAUSES OF ACTION

29.     Beechnut repeats and incorporates, by reference, the allegations of paragraphs 1 through 28 above and paragraphs 36 and through 43 below, as if fully set forth herein.

30.     Beechnut alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence", "intent", and/or "malice" and as a result thereof, it is entitled to receive additional, statutory, and/or exemplary damages.

31.     Beechnut further alleges that in all of the conduct complained of herein, all employees, servants, agents, and representatives of Defendants had actual, implied, or apparent authority to act on behalf of Defendants.

32.     Beechnut further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

33.     Without waiving the foregoing, but strictly relying upon the same, Beechnut alleges that the actions and conduct of Defendants constitutes a breach of contract. Beechnut purchased insurance from Defendants. The insurance contract provides insurance coverage for the Property against loss from among other things: windstorm. Beechnut timely reported the loss to Defendants and requested adjustment and appraisal of their claim. Despite full compliance with the Policy conditions, Defendants have failed and refused and continue to fail and refuse to pay any part of Beechnut's claim proximately causing damages to Beechnut.

34.     Without waiving the foregoing, but strictly relying upon the same, Beechnut alleges that the actions and conduct of Defendants violate §541 and §542 *et. seq.* of the TEX. INS. CODE. Among other things, Defendants have violated §541.060 of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Beechnut, by:

> (a) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. §541.060(a)(1) TEX. INS. CODE;
>
> (b) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once an insurer's liability has become reasonably clear. §541.060(a)(2)(A) TEX. INS. CODE;

(c) Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law for the denial of a claim or offer of compromise settlement of a claim. §541.060(a)(3) TEX. INS. CODE;

(d) Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(a)(4)(A) TEX. INS. CODE; and

(e) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. §541.060(a)(7) TEX. INS. CODE.

Defendants misrepresented to Beechnut that the damage to the Property was not covered under the Policy by falsely claiming it was caused by a different event than one covered under the Policy, even though the damage was caused by a covered occurrence within the Policy's term. As such, Defendants' conduct constitutes a violation of §541.060(a)(1) of the TEX. INS. CODE.

Defendants failed to attempt to effectuate an equitable settlement by conducting an unreasonable, inadequate, and outcome-oriented investigation of Beechnut's claim in which Defendants chose to ignore obvious damage to the Property; grossly undervalued what damage they did acknowledge; and misrepresented the cause of, scope of, and cost to repair the damage to Beechnut's shopping center. Defendants made these and other misrepresentations to Beechnut. As a direct result of Defendants substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Defendants acts and omissions as described herein violate various provisions of §541.060 of the TEX. INS. CODE, including §541.060(a)(2)(A) and §541.060(a)(3), and §542.003, by knowingly underestimating the amount of damage to the Property, by failing to provide Beechnut a prompt and reasonable explanation of the basis in the Policy for underpayment of the claim, and by failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim. Defendants also failed to make an attempt to settle Beechnut's claims in a fair manner although they

were aware of their liability to Beechnut under the Policy. As such, Defendants' conduct constitutes a violation of §541.060(a)(2)(A) of the TEX. INS. CODE.

Defendants failed to reasonably explain to Beechnut the reasons for its failure to offer any settlement or payment on Beechnut's claims. Specifically, Defendants failed to offer Beechnut any compensation and without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to settle Beechnut's claims or participate in the appraisal process. As such, Defendants' conduct constitutes violations of §541.060(3) of the TEX. INS. CODE.

Defendants failed to affirm or deny coverage of Beechnut's claims within a reasonable time. Specifically, Beechnut did not receive a timely indication of acceptance or rejection, regarding the full and entire claim, in writing, from Defendants. As such, Defendants' conduct constitutes a violation of §541.060(a)(4)(A) of the TEX. INS. CODE.

Defendants refused to fully compensate Beechnut under the terms of the Policy. Specifically, Defendants performed an outcome-oriented investigation of Beechnut's claims, which resulted in a biased, unfair, and inequitable evaluation of Beechnut's loss on the property. As such, Defendants conduct constitutes a violation of §541.060(a)(7) of the TEX. INS. CODE.

Defendants also violated §542.051 *et. seq.* of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Beechnut, by failing to comply with §542.055-542.060 TEX. INS. CODE and acknowledge receipt of Beechnut's claim, commence an investigation of the claim, and request from Beechnut all items, statements, and forms that they reasonably believed would be required within the applicable time constraints; and/or provide Beechnut with written notice of acceptance or rejection of the claim no later than the 15th business day after the date they received all

11

items, statements, and forms, required to secure a proof of loss; and/or failed to provide Beechnut with written notice of the need for additional time to accept or reject the claim; and/or failed to provide Beechnut with written notice of acceptance or rejection of the claim no later than the 45th day after notifying Beechnut under §542.056(d) TEX. INS. CODE.

Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Beechnut's claim longer than allowed and, to date, Beechnut has not received any payment for the claim. Defendants' conduct constitutes a violation of §542.055 of the TEX. INS. CODE. Defendants acts and omissions violate §541 and §542 *et. seq.* of the TEX. INS. CODE and were a producing cause of the damages to Beechnut.

35.     Without waiving the foregoing, but strictly relying upon the same, Beechnut alleges that the actions and conduct of Defendants constitutes a breach the common law duty of good faith and fair dealing. Defendants sold Beechnut a commercial property insurance policy (the "Policy"), which covered risks to Beechnut's shopping center and various other items of coverage. The insurance policy gave rise to a duty of good faith and fair dealing. From the time Beechnut's claim was presented to Defendants, the liability of the Defendants to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Beechnut in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing. Defendants' breach of this duty proximately caused damages to Beechnut.

## G. DAMAGES

36.     As a result of the actions and conduct complained of herein, Beechnut is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: policy benefits wrongfully withheld including, but not limited to, damages to its building.

37.     Beechnut is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of the Defendants.

38.     Beechnut is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, Beechnut claims attorney's fees pursuant to §38.001 and §37.009 of the TEX. CIV. PRAC. & REM. CODE and §542.060(a)-(b), of the TEX. INS. CODE.

39.     Beechnut is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas. Specifically, Beechnut claims statutory interest at the highest rate allowed under §542.060(a) of the TEX. INS. CODE.

40.     Beechnut is further entitled to the recovery of costs of court.

## H. DEMAND FOR JURY TRIAL

41.     Pursuant to Rule 216 TEX. R. CIV. P., Beechnut demands a jury trial on all issues triable by a jury and pays the appropriate jury fee.

## I. NOTICE OF INTENT TO USE DOCUMENTS - RULE 193.7 TEX. R. CIV. P

42.     Pursuant to rule 193.7 TEX. R. CIV. P., Beechnut gives notice to Defendants, that any and all documents produced in response to written discovery may be used as evidence in this case, and, that any such material may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or material produced in discovery.

## J. PRAYER

43.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center ("Beechnut"), prays that Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, and International Insurance Company of Hannover, SE (collectively referred to as the "Defendants"), be cited to appear and answer herein, and that upon full and final trial herein, Plaintiff recover from Defendants all actual, incidental, special and consequential damages sustained as the result of the actions of Defendants along with additional exemplary damages, and damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center, may show itself justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

*/s/ J. Brantley Durrett, III*

J. BRANTLEY DURRETT, III
State Bar Number 06287615
1016 West 17th Street
Houston, Texas 77008
Telephone | Facsimile No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFF,
SAGA DEVELOPMENT, LLC D/B/A BEECHNUT
SHOPPING CENTER

15

12/9/2019 1:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39088261
By: Chandra Lawson
Filed: 12/9/2019 1:50 PM

## NO. 2019-80135

| | | |
|---|---|---|
| **SAGA DEVELOPMENT, LLC** | § | **IN THE DISTRICT COURT OF** |
| **d/b/a BEECHNUT SHOPPING CENTER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **CERTAIN UNDERWRITERS AT** | § | |
| **LLOYD'S, LONDON, INDIAN HARBOR** | § | |
| **INSURANCE COMPANY,** | § | |
| **QBE SPECIALTY INSURANCE** | § | |
| **COMPANY, STEADFAST INSURANCE** | § | |
| **COMPANY, GENERAL SECURITY** | § | |
| **INDEMNITY COMPANY OF ARIZONA,** | § | |
| **UNITED SPECIALTY INSURANCE** | § | |
| **COMPANY, LEXINGTON INSURANCE** | § | |
| **COMPANY, PRINCETON EXCESS AND** | § | |
| **SURPLUS LINES INSURANCE** | § | |
| **COMPANY, AND INTERNATIONAL** | § | |
| **INSURANCE COMPANY OF** | § | |
| **HANNOVER SE,** | § | |
| **Defendants.** | § | **129th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.        COMES NOW, the Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center,

("Beechnut"), and files this its First Amended Original Petition complaining of and against

Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE

Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company

of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess

and Surplus Lines Insurance Company, and International Insurance Company of Hannover, SE

(collectively referred to hereinbelow as the "Defendants"), and in support hereof would respectfully

show unto the Court the following:

1

## A. DISCOVERY CONTROL PLAN

2.      Discovery in this action should proceed under Level 3, TEX. R. CIV. P. 190.3. This case involves complex issues and will require extensive discovery. Accordingly, Beechnut requests the Court enter a custom docket control order tailored to the particular needs of this lawsuit.

## B. RELIEF

3.      Beechnut seeks monetary relief of over $1,000,000.00. Rule 47(c)(5) TEX. R. CIV. P.

## C. PARTIES

4.      Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center, ("Beechnut"), is a Texas limited liability company organized and doing business in Houston, Harris County, Texas. Service of process is not requested or necessary at this time.

5.      Defendant, Certain Underwriters at Lloyd's, London ("Lloyds"), is a foreign surplus lines insurance association of underwriters and maintains its principle place of business in London, England. Certain Underwriters at Lloyd's, London conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Certain Underwriters at Lloyd's, London may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, Mendes & Mounts, LLP, at its registered office, 750 Seventh Avenue, New York, NY 10019-6829.

6.      Defendant, Indian Harbor Insurance Company ("Indian Harbor"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Exton, Pennsylvania. Indian Harbor Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Indian

2

Harbor Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Indian Harbor Insurance Company in care of its designated agent, Ms. Sarah Mims, at its registered office, 505 Eagleview Boulevard, Suite 100, Exton, Pennsylvania 19341-0636.

7.    Defendant, QBE Specialty Insurance Company ("QBE"), is a foreign surplus lines insurance company organized as a North Dakota corporation and maintaining its principle place of business in New York, NY. QBE Specialty Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas Accordingly, QBE Specialty Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its designated agent, CT Corporation System, its designated agent for service of process at its registered address, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3136.

8.    Defendant, Steadfast Insurance Company ("Steadfast"), is a foreign surplus lines insurance company organized as an Illinois company and maintaining its principle place of business in Schaumburg, Illinois. Steadfast Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Steadfast Insurance Company may be served with notice of this suit, by serving Corporation Service Company, as its designated agent for service of process at 211 E. 7th Street, Suite 620, Austin, Travis County, Texas 78701-3218, its registered address.

9.      Defendant, General Security Indemnity Company of Arizona ("General Security"), is a foreign surplus lines insurance company organized as an Arizona corporation and maintaining its principle place of business in New York, NY. General Security Indemnity Company of Arizona conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas.. Accordingly, General Security Indemnity Company of Arizona may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to General Security Indemnity Company of Arizona in care of its designated agent, Mr. Henry Klecan, One Seaport Plaza, 199 Water Street, New York, NY 10038-3526.

10.     Defendant, United Specialty Insurance Company ("United Specialty"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Dover, Delaware. United Specialty Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, United Specialty Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to United Specialty Insurance Company in care of its designated agent, Mr. Terry Ledbetter, 1900 L. Don Dodson Drive, Bedford, Texas 76021.

11.     Defendant, Lexington Insurance Company ("Lexington"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Boston, Massachusetts. Lexington Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly,

Lexington Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Lexington Insurance Company in care of its designated agent, Division Executive, Commercial Policy, 100 Summer Street, Boston, Massachusetts 02110.

12.     Defendant, Princeton Excess and Surplus Lines Insurance Company ("PESLIC"), is a foreign surplus lines insurance company organized as a Delaware corporation and maintaining its principle place of business in Princeton, New Jersey. Princeton Excess and Surplus Lines Insurance Company conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, Princeton Excess and Surplus Lines Insurance Company may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to Princeton Excess and Surplus Lines Insurance Company in care of its designated agent, General Counsel of PESLIC, 555 College Road East, Princeton, NJ 08540-6616.

13.     Defendant, International Insurance Company of Hannover, SE ("Hannover"), is a foreign surplus lines insurance company and maintains its principle place of business in London, England. International Insurance Company of Hannover, SE conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, International Insurance Company of Hannover, SE may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to International Insurance Company of Hannover, SE in care of its designated agent, Ms.

5

Andrea Best, Drinker, Biddle & Reath, LLP, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036-2714.

## D. JURISDICTION AND VENUE

14.     Beechnut seeks damages under the common and statutory laws of the state of Texas. The amount in controversy exceeds the jurisdictional minimum for the District Courts of the state of Texas.

15.     Venue is proper in the District Court of Harris County, Texas under §15.002(a)(1) of and §15.032 of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas and because Harris County, Texas is the county in which the insured properties are located.

## E. FACTUAL BACKGROUND

16.     In this Petition whenever it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied, or apparent authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of the Defendants' officers, agents, servants, employees, attorneys, or representatives.

17.     By this action, Beechnut seeks to recover for losses sustained as a result of a windstorm its shopping center located at 8145 S. Highway 6, Houston, Harris County, Texas 77083 (the "Property").

18.     On or before April 1, 2016, Defendants marketed and sold a commercial property insurance policy to Beechnut whereby Defendants agreed to provide insurance for the Property in exchange for the payment of premiums (the "Policy").

6

19.     Although somewhat unclear, the Policy purports to spread liability for coverage, severally, among multiple insurers, as follows: Certain Underwriters at Lloyd's, London, (Certificate AMR-55630); Indian Harbor Insurance Company, (Policy No. AMP7530487-00); QBE Specialty Insurance Company, (Policy No. MSP-22585); Steadfast Insurance Company; General Security Indemnity Company of Arizona, (Policy No. 1OTO29659-06466-16-00); United Specialty Insurance Company, (Policy No. USI-19120-00); Lexington Insurance Company, (Policy No. LEX-014709124-00); Princeton Excess and Surplus Lines Insurance Company, (Policy No. 7DA3CM0006097-00); and International Insurance Company of Hannover, PLC, (Policy No. HAN-16202-00).

20.     The Policy term extended from April 1, 2016 through April 1, 2017. The Policy purports to provide coverage for direct, physical loss to the Property due to windstorm occurring during the Policy term.

21.     On January 22, 2017, Beechnut sustained a loss to its shopping center as a result of the windstorm. The windstorm and subsequent loss occurred within the Policy term and is covered under the Policy.

22.     On or about August 28, 2017, and after experiencing an increase in both the number and extent of water leaks to its roof over the prior eight months, Beechnut filed an insurance claim and asked Defendants to adjust the claim and pay it for the cost of repairs to the building and its roof.

23.     Due to the reporting the loss at or near the time of Hurricane Harvey, Defendants, initially and inaccurately, considered the loss to have arisen from Hurricane Harvey.

24.     In response, Beechnut hired Stephen Harned, a practicing meteorologist with over 45 years of experience, to perform a forensic meteorological investigation and determine the true date of loss. The conclusion reached was the likely date of loss was January 22, 2017.

7

25.     Defendants hired their own engineer, Wiryaputra Pramono, to inspect the Property and make a report. After their inspection, Defendants notified Beechnut of their decision on March 1, 2019. Defendants did not accept the true loss date of January 22, 2017. Further, Defendants determined that the loss was a result of insufficient wind speed arising from the reporting date (Hurricane Harvey) and not the date of loss (January 22, 2017) as well as age-related wear and tear.

26.     On August 23, 2019, Beechnut responded to Defendants' engineering report with another expert analysis and demanded appraisal of the loss. Defendants failed to respond to Beechnut's expert's rebuttal or the demand for appraisal.

27.     Defendants final evaluation is unreasonable and used only as a pretext to deny the damages to the structure. Defendants unreasonably relied upon its representatives for its building damage assessment. Despite clear evidence of covered damage, Defendants have engaged in and ratified the improper claims conduct of its agents and ultimately declined to make payment for the loss because its agents omitted important facts, physical evidence, and meteorological data supporting Beechnut's building damage claim.

28.     Defendants unreasonably denied the loss based on weather conditions present on an incorrect reporting date and not the true date of loss in an effort to avoid contractual responsibilities and to save it from paying significant sums of money for the damage to the shopping center. As a direct result of the conduct of Lloyds as alleged above, Beechnut has suffered actual, incidental, special, and consequential damages and has been forced to file suit to recover policy benefits owed to it.

**F. CAUSES OF ACTION**

29.     Beechnut repeats and incorporates, by reference, the allegations of paragraphs 1 through 28 above and paragraphs 36 and through 43 below, as if fully set forth herein.

8

30.     Beechnut alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence", "intent", and/or "malice" and as a result thereof, it is entitled to receive additional, statutory, and/or exemplary damages.

31.     Beechnut further alleges that in all of the conduct complained of herein, all employees, servants, agents, and representatives of Defendants had actual, implied, or apparent authority to act on behalf of Defendants.

32.     Beechnut further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

33.     Without waiving the foregoing, but strictly relying upon the same, Beechnut alleges that the actions and conduct of Defendants constitutes a breach of contract. Beechnut purchased insurance from Defendants. The insurance contract provides insurance coverage for the Property against loss from among other things: windstorm. Beechnut timely reported the loss to Defendants and requested adjustment and appraisal of their claim. Despite full compliance with the Policy conditions, Defendants have failed and refused and continue to fail and refuse to pay any part of Beechnut's claim proximately causing damages to Beechnut.

34.     Without waiving the foregoing, but strictly relying upon the same, Beechnut alleges that the actions and conduct of Defendants violate §541 and §542 *et. seq*. of the TEX. INS. CODE. Among other things, Defendants have violated §541.060 of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Beechnut, by:

(a)  Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. §541.060(a)(1) TEX. INS. CODE;

(b) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once an insurer's liability has become reasonably clear. §541.060(a)(2)(A) TEX. INS. CODE;

9

(c) Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law for the denial of a claim or offer of compromise settlement of a claim. §541.060(a)(3) TEX. INS. CODE;

(d) Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(a)(4)(A) TEX. INS. CODE; and

(e) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. §541.060(a)(7) TEX. INS. CODE.

Defendants misrepresented to Beechnut that the damage to the Property was not covered under the Policy by falsely claiming it was caused by a different event than one covered under the Policy, even though the damage was caused by a covered occurrence within the Policy's term. As such, Defendants' conduct constitutes a violation of §541.060(a)(1) of the TEX. INS. CODE.

Defendants failed to attempt to effectuate an equitable settlement by conducting an unreasonable, inadequate, and outcome-oriented investigation of Beechnut's claim in which Defendants chose to ignore obvious damage to the Property; grossly undervalued what damage they did acknowledge; and misrepresented the cause of, scope of, and cost to repair the damage to Beechnut's shopping center. Defendants made these and other misrepresentations to Beechnut. As a direct result of Defendants substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. Defendants acts and omissions as described herein violate various provisions of §541.060 of the TEX. INS. CODE, including §541.060(a)(2)(A) and §541.060(a)(3), and §542.003, by knowingly underestimating the amount of damage to the Property, by failing to provide Beechnut a prompt and reasonable explanation of the basis in the Policy for underpayment of the claim, and by failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim. Defendants also failed to make an attempt to settle Beechnut's claims in a fair manner although they

10

were aware of their liability to Beechnut under the Policy. As such, Defendants' conduct constitutes a violation of §541.060(a)(2)(A) of the TEX. INS. CODE.

Defendants failed to reasonably explain to Beechnut the reasons for its failure to offer any settlement or payment on Beechnut's claims. Specifically, Defendants failed to offer Beechnut any compensation and without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to settle Beechnut's claims or participate in the appraisal process. As such, Defendants' conduct constitutes violations of §541.060(3) of the TEX. INS. CODE.

Defendants failed to affirm or deny coverage of Beechnut's claims within a reasonable time. Specifically, Beechnut did not receive a timely indication of acceptance or rejection, regarding the full and entire claim, in writing, from Defendants. As such, Defendants' conduct constitutes a violation of §541.060(a)(4)(A) of the TEX. INS. CODE.

Defendants refused to fully compensate Beechnut under the terms of the Policy. Specifically, Defendants performed an outcome-oriented investigation of Beechnut's claims, which resulted in a biased, unfair, and inequitable evaluation of Beechnut's loss on the property. As such, Defendants conduct constitutes a violation of §541.060(a)(7) of the TEX. INS. CODE.

Defendants also violated §542.051 *et. seq.* of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Beechnut, by failing to comply with §542.055-542.060 TEX. INS. CODE and acknowledge receipt of Beechnut's claim, commence an investigation of the claim, and request from Beechnut all items, statements, and forms that they reasonably believed would be required within the applicable time constraints; and/or provide Beechnut with written notice of acceptance or rejection of the claim no later than the 15th business day after the date they received all

11

items, statements, and forms, required to secure a proof of loss; and/or failed to provide Beechnut with written notice of the need for additional time to accept or reject the claim; and/or failed to provide Beechnut with written notice of acceptance or rejection of the claim no later than the 45th day after notifying Beechnut under §542.056(d) TEX. INS. CODE.

Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Beechnut's claim longer than allowed and, to date, Beechnut has not received any payment for the claim. Defendants' conduct constitutes a violation of §542.055 of the TEX. INS. CODE. Defendants acts and omissions violate §541 and §542 *et. seq*. of the TEX. INS. CODE and were a producing cause of the damages to Beechnut.

35.    Without waiving the foregoing, but strictly relying upon the same, Beechnut alleges that the actions and conduct of Defendants constitutes a breach the common law duty of good faith and fair dealing. Defendants sold Beechnut a commercial property insurance policy (the "Policy"), which covered risks to Beechnut's shopping center and various other items of coverage. The insurance policy gave rise to a duty of good faith and fair dealing. From the time Beechnut's claim was presented to Defendants, the liability of the Defendants to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Beechnut in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing. Defendants' breach of this duty proximately caused damages to Beechnut.

## G. DAMAGES

36.     As a result of the actions and conduct complained of herein, Beechnut is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: policy benefits wrongfully withheld including, but not limited to, damages to its building.

37.     Beechnut is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of the Defendants.

38.     Beechnut is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, Beechnut claims attorney's fees pursuant to §38.001 and §37.009 of the TEX. CIV. PRAC. & REM. CODE and §542.060(a)-(b), of the TEX. INS. CODE.

39.     Beechnut is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas. Specifically, Beechnut claims statutory interest at the highest rate allowed under §542.060(a) of the TEX. INS. CODE.

40.     Beechnut is further entitled to the recovery of costs of court.

## H. DEMAND FOR JURY TRIAL

41.     Pursuant to Rule 216 TEX. R. CIV. P., Beechnut demands a jury trial on all issues triable by a jury and pays the appropriate jury fee.

## I. NOTICE OF INTENT TO USE DOCUMENTS - RULE 193.7 TEX. R. CIV. P

42.     Pursuant to rule 193.7 TEX. R. CIV. P., Beechnut gives notice to Defendants, that any and all documents produced in response to written discovery may be used as evidence in this case, and, that any such material may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or material produced in discovery.

## J. PRAYER

43.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center ("Beechnut"), prays that Defendants, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, and International Insurance Company of Hannover, SE (collectively referred to as the "Defendants"), be cited to appear and answer herein, and that upon full and final trial herein, Plaintiff recover from Defendants all actual, incidental, special and consequential damages sustained as the result of the actions of Defendants along with additional exemplary damages, and damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiff, Saga Development, LLC d/b/a Beechnut Shopping Center, may show itself justly entitled by this pleading or proper amendment hereto.

14

Respectfully submitted,

DURRETT LAW FIRM

*/s/ J. Brantley Durrett, III*
J. BRANTLEY DURRETT, III
State Bar Number 06287615
1016 West 17th Street
Houston, Texas 77008
Telephone | Facsimile No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFF,
SAGA DEVELOPMENT, LLC D/B/A BEECHNUT
SHOPPING CENTER

15

12/16/2019 10:02 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39266766
By: JONATHAN PATTON
Filed: 12/16/2019 10:02 AM

No. 2019-80135

| | | |
|---|---|---|
| SAGA DEVELOPMENT, LLC | § | IN THE DISTRICT COURT OF |
| d/b/a BEECHNUT SHOPPING CENTER | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S, LONDON; INDIAN HARBOR | § | |
| INSURANCE COMPANY; QBE | § | |
| SPECIALTY INSURANCE COMPANY; | § | |
| STEADFAST INSURANCE | § | |
| COMPANY; GENERAL SECURITY | § | |
| INDEMNITY COMPANY OF ARIZONA; | § | |
| UNITED SPECIALTY INSURANCE | § | |
| COMPANY; LEXINGTON INSURANCE | § | |
| COMPANY; PRINCETON EXCESS | § | |
| & SURPLUS INSURANCE COMPANY; | § | |
| and INTERNATIONAL INSURANCE | § | |
| COMPANY OF HANNOVER; | § | |
| Defendants | § | 129TH JUDICIAL DISTRICT |

## **DEFENDANTS' ORIGINAL ANSWER**

Defendants Certain Underwriters at Lloyd's, London ("Certain Underwriters");

Indian Harbor Insurance Company ("Indian Harbor"); QBE Specialty Insurance Company

("QBE"); Steadfast Insurance Company ("Steadfast"); General Security Indemnity

Company of Arizona ("GSI"); United Specialty Insurance ("USI"); Lexington Insurance

Company ("Lexington"); The Princeton Excess and Surplus Lines Insurance Company

("Princeton"); HDI Global Specialty SE f/k/a International Insurance Company of

Hannover SE[1] ("Hannover") (collectively, the "Underwriters" or "Defendants") file their original answer, as follows:

1.      Subject to and without waiver of any and all rights or defenses available to them under the insurance policies made the basis of this suit or at law, and subject to such stipulations and/or admissions that may hereinafter be made, Defendants enter a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation contained in Plaintiff's Original Petition and demanding strict proof thereof as required by laws of the State of Texas. TEX. R. CIV. P. 92.

WHEREFORE, Defendants Certain Underwriters, GSI, Indian Harbor, Steadfast, Hannover, Lexington, QBE, USI, Princeton, request judgment that Plaintiff take nothing herein and that Defendants herein go hence without delay, with recovery of their costs and attorney fees, and with such other and further relief, both general and special, at law and in equity, to which they may show themselves justly entitled.

---

[1] Plaintiff sued International Insurance Company of Hannover in this lawsuit. The correct name of the entity that is an underwriter of the insurance policy at issue, and that Plaintiff likely intended to sue, is International Insurance Company of Hannover SE. Since the time the insurance policy was underwritten, International Insurance Company of Hannover SE has changed its name to HDI Global Specialty SE. Accordingly, the proper name of the defendant in this lawsuit is "HDI Global Specialty SE f/k/a International Insurance Company of Hannover SE" and such name will be used in this lawsuit moving forward instead of "International Insurance Company of Hannover."

Respectfully submitted,

By: */s/ Raymond Gregory*

    State Bar No. 08438275
    rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY FOR DEFENDANTS

<u>**CERTIFICATE OF SERVICE**</u>

    I certify that on December 16, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via any proper method of service allowed by the Texas Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

J. Brantley Durrett, III
Durrett Law Firm
1016 West 17th Street
Houston, Texas 77008
brant@durrettlaw.com


*Raymond Gregory*

Raymond L. Gregory II